IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 7, 2001 Session

## STATE OF TENNESSEE v. MARCUS J. TURCO

**Direct Appeal from the Criminal Court for Shelby County**
**No. 198-00168     John P. Colton, Jr., Judge**

———————————

**No. W2001-01085-CCA-R3-CD - Filed September 14, 2001**

———————————

David G. Hayes, concurring.

        I join with the majority in concluding that the trial court was without authority to modify the defendant's sentence after the sentence had expired.  I write separately because I also find that the trial court was without authority to grant judicial diversion in this case even if the sentence had not expired.  Absent appropriate legislation, the trial court is without authority to invent its own sentencing programs.

        Tennessee Code Annotated § 40-35-313(a)(1)(A), commonly referred to as judicial diversion, provides in relevant part as follows:

> If any person . . .  is found guilty or pleads guilty . . .  the court may, without entering a judgment of guilty . . ., _defer further proceedings_ and place the person on probation upon . . . conditions as it may require, . . . .

> Subsection 313(a)(1)(B)(2) contains the following language: Upon violation of a condition of the probation, the court may enter an adjudication of guilt . . . _Discharge and dismissal under this subsection is without court adjudication of guilt_.

As emphasized above, the statute provides that the sentencing court receives the guilty plea but defers further proceedings without adjudicating guilt or without entering a judgment of conviction.  An adjudication of guilt is only entered when the defendant violates a condition of probation, Tenn. Code Ann. § 40-35-313(a)(1)(B)(2), which is then followed by imposition of punishment.

        On April 23, 1999, the defendant entered a plea of guilty to sexual battery, a class E felony, and was adjudicated guilty of this offense.  Following a sentencing hearing, the trial court

denied the defendant's request for judicial diversion and, instead, imposed a one year suspended sentence with supervised probation. The judgment of conviction was entered on July 28, 1999.

There is no sentencing authority which permits judicial diversion following adjudication of guilt or imposition of sentencing. Accordingly, I find that, in addition to the majority's position, the trial court was without statutory authority to grant judicial diversion.

_____
David G. Hayes, Judge